BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

_____
                                                                          :
IN RE:  BUILDING PRODUCTS OF CANADA
CORP. PRODUCTS LIABILITY LITIGATION            MDL DOCKET NO: ____


_____:

MEMORANDUM IN SUPPORT OF PLAINTIFF KATHRYN BOWRY'S
MOTION FOR TRANSFER OF ACTIONS
TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. §1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

I.    INTRODUCTION AND BACKGROUND

There are currently four actions pending in three separate federal judicial district courts throughout the nation against Building Products of Canada Corp. ("BP").[1]  These actions are listed in the attached "Schedule of Actions" and are referred to herein as the "Actions."  All cases assert similar claims and all stem from the same alleged misconduct of Defendant BP related to its organic roofing shingle products ("Organic Shingles"), including without limitation Eclipse, ProStandard, and Rampart Organic Shingles.  BP designed, manufactured, marketed, advertised, warranted and sold its Organic Shingles to Plaintiff, the Plaintiff Classes and/or the consuming public in general.  BP marketed, represented, and warranted that the Organic Shingles were fit for the ordinary purpose for which such goods were used and were free from defects in materials and workmanship.  All of the Actions allege that BP's Organic Shingles were defective

---

[1] *See* Exhibit A, attached hereto.

1

in design, were not fit for their ordinary and intended use, and failed to perform to the reasonable expectations of ordinary customers. Specifically, the Actions allege that BP's Organic Shingles contain a defect that results in moisture penetration, cracking, curling, adhesive failure, blistering, blowing off the roof, and premature failure. As a result of the defective nature of BP's Organic Shingles, Plaintiff and the putative Class members have suffered and continue to suffer damages.

The transfer and consolidation of these suits is appropriate and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial. Accordingly, Plaintiff-Movant prays that this Honorable Panel transfer and consolidate the cases referenced in the attached Schedule of Actions to the United States District Court for the District of Massachusetts before the Honorable Judge William G. Young for coordinated and/or consolidated pre-trial proceedings.

## II.    ARGUMENT

This Honorable Panel should centralize the Related Actions before the Honorable Judge William G. Young in the United States District Court for the District of Massachusetts because:

- The Related Actions involve common questions of fact concerning the Defendant's design and manufacture of its Organic Shingles as well as Defendant's marketing, advertising and sales of its Organic Shingles;

- The District of Massachusetts will be a centralized, convenient location for the parties because this litigation involves national and statewide class actions filed throughout the United States;

- Transfer will promote the just and efficient conduct in these Related Actions by avoiding inconsistent pretrial rulings, while conserving the resources of the parties, lawyers and judiciary; and

- Judge William G. Young has the requisite MDL experience and time to steer this litigation on a prudent course, and currently two of the four pending cases are

assigned to him.

### A. Transfer and Consolidation or Coordination of All Actions is Appropriate Under 28 U.S.C. §1407.

28 U.S.C. §1407 provides for the transfer of actions to one federal district for coordinated or consolidated pretrial proceedings where actions pending in different districts involve one or more common questions of fact. 28 U.S.C. §1407(a). Transfers are authorized where the Panel determines that such transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions. *Id.*

The purpose of the multidistrict litigation process is to "eliminate the potential for contemporaneous pretrial rulings by coordinating district and appellate courts in multidistrict related civil actions." *In re Multidistrict Private Civ. Treble Damages Litig.*, 298 F.Supp. 484, 491-492 (J.P.M.L. 1968). Consolidation is especially important in class actions where the "potential for conflicting, disorderly, chaotic" action is greatest. *Id.* at 493. Transfer of related actions to a single district for pretrial proceedings avoids conflicting pretrial discovery and ensures uniform and expeditious treatment in pretrial proceedings. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230 (9th Cir. 2006).

Transfer, coordination and consolidation are appropriate here because many common questions of fact and law exist. The Actions all arise from the same or similar nucleus of operative facts and each seeks a determination of, among other things:

    a. Whether the Organic Shingles are defective, in that they are subject to moisture penetration, cracking, curling, blistering, blowing off the roof, premature failure, and are not suitable for use as an exterior roofing product for the length of time advertised, marketed, and warranted;

    b. Whether Defendant knew or should have known of the defective nature of

3

the Organic Shingles;

  c. Whether Defendant owed a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, warranting, and marketing of the Organic Shingles;

  d. Whether Defendant breached its duty to Plaintiff and the Class by designing, manufacturing, advertising, and selling to Plaintiff and the Class defective Organic Shingles, and by failing promptly to remove the Organic Shingles from the marketplace, or take other appropriate remedial action;

  e. Whether the Organic Shingles failed to perform in accordance with the reasonable expectations of ordinary consumers;

  f. Whether the Organic Shingles fail to perform as advertised, marketed, and warranted; and

  g. Whether Plaintiff and the Class are entitled to compensatory damages, and the amount of such damages.

Determination of these and other common issues in a single district will benefit the parties and witnesses, and promote the efficient prosecution and resolution of the Actions. Without transfer, coordination and consolidation of the Actions, the significant hazard of inconsistent rulings exists, along with judicial inefficiency, overlapping discovery, and unnecessary expense. Transfer, coordination and consolidation of the Actions in a single district are appropriate for the just and efficient prosecution of the Actions and convenience of the parties and witnesses.

Finally, transfer, coordination and consolidation of the Actions is consistent with the Panel's decisions ordering centralization of actions relating to allegedly defective roofing

shingles of other manufacturers. *See In re: Building Materials Corp. of America Asphalt Roofing Shingle Prods. Liab. Litig.*, 2011 WL 4889217 (J.P.M.L. 2011) (ordering centralization of five actions that involved common questions of fact relating to allegedly defective roofing shingles); *In re: IKO Roofing Shingle Prods. Liab. Litig.*, 659 F. Supp. 2d 1364 (J.P.M.L. 2009) (ordering centralization of four actions that involved common questions of fact relating to allegedly defective roofing shingles); *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, 474 F. Supp. 2d 1357 (J.P.M.L. 2007) (ordering centralization of eight actions that involved common questions of fact relating to allegedly defective roofing shingles).

### B. The District of Massachusetts is the Most Appropriate Forum for Transfer and Consolidation or Coordination.

According to the Manual for Complex Litigation (Fourth) §20.131 (2010), and JPML Rule 7.2, there are numerous factors that this Honorable Panel takes into consideration in determining the most appropriate transferee forum. Among those factors include whether the district is in an accessible metropolitan location, the convenience of the counsel and parties involved, the caseload of the transferee district, and the transferee district court's experience in management of class actions and complex litigation and the number of cases pending in the jurisdiction. *See, e.g., In re Air Fare Litig.*, 322 F. Supp. 1013, 1016 (J.P.M.L. 1971); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F.Supp. 1087, 1088 (J.P.M.L. 1973); *In re Preferential Drug Prods. Pricing Antitrust Litig.*, 429 F.Supp. 1027, 1029 (J.P.M.L. 1977); *In re Tri-State Crematory Litig.*, 206 F. Supp. 2d 1376, 1378 (J.P.M.L. 2002); *In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003); *In re Educ. Testing Serv. Plt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004). Of the various potential venues in the United States, the District of Massachusetts best meets those factors.

### 1. The District of Massachusetts is Convenient to the Parties, Witnesses and Counsel.

Transfer to the District of Massachusetts, sitting in Boston, Massachusetts, will most assuredly be for the convenience of the parties, witnesses and counsel. Boston is served by the Boston Logan International Airport – Massachusetts' busiest airport – which will allow travelers from anywhere in the nation to reach the courthouse easily. Moreover, transfer to the District of Massachusetts would be convenient for a majority of counsel involved because many of the Plaintiffs' attorneys either reside in Boston or reside close to Boston. Thus, Boston is an accessible metropolitan area convenient to the parties, witnesses and counsel.

### 2. Two of the Four Actions are Pending in the District of Massachusetts before the Honorable Judge William G. Young.

Half of the potential transferor cases are pending in the District of Massachusetts before the Honorable Judge Young: *Kathryn Bowry, et al. v. Building Products of Canada Corp. and Emco Limited*, No. 1:11-cv-12189, and *Howard Churwin, et al. v. Building Products of Canada Corp.*, No. 1:12-cv-10075. Thus, transfer to the District of Massachusetts would promote the just and efficient administration of these Actions.

### 3. The District of Massachusetts is a Centrally Located Forum for this Litigation.

The allegedly defective roofing shingles at issue were manufactured in Canada. *See* http://www.bpcan.com/en-CA/contactUs (last accessed Jan. 13, 2011) (listing all four manufacturing plants in Canada locations). Three out of the four manufacturing plants are located in southeastern Canada. *See id.* It stands to reason that the product was mainly shipped to adjoining vicinities, i.e. the Northern and/or Northeastern states of the United States. Thus, the District of Massachusetts' centralized location in the Northeastern region of the United States provides an appropriate transferee forum for this litigation.

### 4. The Honorable Judge William G. Young Has the Time and Experience to Steer The Related Actions on a Prudent Course and He Sits in a District That Has Proven Capacity to Handle This Litigation.

When there is no geographical focal point because the litigation is nationwide, this Honorable Panel has determined that it is best to focus on the "transferee judge with the time and experience to steer this litigation on a prudent course and sitting in a district with the capacity to handle this litigation." *In re Motor Fuel Temperature Sales Practices Litig.*, 493 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007). Judge William G. Young and the District of Massachusetts satisfy these criteria.

Judge Young has the experience to preside over this litigation. Judge Young earned his Juris Doctor from Harvard Law School in 1967 following his service in the United States Army from 1962 to 1964. Judge Young was a Special Assistant Attorney General for the State of Massachusetts from 1970 to 1972, Chief Counsel to the Governor of Massachusetts from 1972 to 1974, and was an Associate Justice in the Superior Court of Massachusetts from 1978 to 1985. Judge Young was nominated by President Ronald Reagan on March 8, 1985, confirmed by the United States Senate on April 3, 1985 and received commission on April 4, 1985. Judge Young served as Chief Judge from 1999 to 2005. Of particular importance, Judge Young has significant experience serving as an MDL judge. *See, e.g., In Re: The TJX Cos., Inc., Customer Data Sec. Breach Litig.*, MDL No. 1838; *In Re: Computervision Corp. Sec. Litig.*, MDL No. 964; *In Re: Indigo N.V. Sec. Litig.*, MDL No. 1111.

Finally, the District of Massachusetts has proven that it has the capacity to handle multiple MDL cases. The District has efficiently administered numerous MDLs, some involving a large number of claims, including *In Re: Elscint Ltd. Sec. Litig.,* MDL No. 675, *In Re: Neurontin Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 1629, *In Re: Pharmaceutical*

*Indus. Average Wholesale Price Litig.*, MDL No. 1456, *In Re: Mutual Life Ins. Co. of New York Premium Litig.*, MDL No. 1143, and *In re Lupron Mktg. and Sales Practices Litig.*, MDL No. 1430. Thus, the clerk's office at the District of Massachusetts is experienced and well versed in MDL procedures.

Moreover, the most recent Federal Court Management and Caseload Statistics for the District of Massachusetts indicate that it is not unduly congested and that it has the capacity to handle this litigation. *See* http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2011Jun.pl (last accessed on January 13, 2011). The median time interval from filing to disposition of civil cases in the District of Massachusetts is only 8.8 months. *See id*. Furthermore, only 188 out of the total 3,646 cases pending are over three years old. *See id*. Accordingly, the District of Massachusetts has both experience handling MDL cases, and the capacity to handle this case now.

### III. CONCLUSION

For the reasons set forth herein, Movant respectfully requests that this Honorable Panel transfer the Actions to the District of Massachusetts for coordinated and consolidated pretrial proceedings before the Honorable Judge William G. Young.

**Dated: January 13, 2012**                     Respectfully submitted,

By: /s/ Gary E. Mason
Gary E. Mason
DC Bar No. 418036
Donna F. Solen
D.C. Bar No. 465098
WHITFIELD BRYSON & MASON LLP
1625 Massachusetts Ave., N.W., Suite 605
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
E-mail: gmason@masonlawdc.com
           dsolen@masonlawdc.com

Thomas G. Shapiro (BBO #454680)
Ian J. McLoughlin (BBO # 647203)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone:(617) 439-3939
Facsimile: (617) 439-0134
E-mail: tshapiro@shulaw.com
      imcloughlin@shulaw.com

James T. Capretz
California Bar No. 44442
Don K. Ledgard
California Bar No. 208350
CAPRETZ & ASSOCIATES
5000 Birch Street, Suite 2500
Newport Beach, CA 92660
Telephone: (949) 724-3000
Facsimile: (949) 209-2090
E-mail: jcapretz@capretz.com
      dledgard@capretz.com

Jordan L. Chaikin
Florida Bar No. 0878421
PARKER WAICHMAN ALONSO LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, Florida 34134
Telephone: (239) 390-1000
Facsimile: (239) 390-0055
E-mail: jchaikin@yourlawyer.com

Daniel K. Bryson
N.C. State Bar No. 15781
Scott C. Harris
N.C. State Bar No. 35328
WHITFIELD BRYSON & MASON LLP
900 W. Morgan St.
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

*Counsel for Plaintiff and the Members of the Class*