UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BUILDING PRODUCTS OF
CANADA CORP. ORGANIC SHINGLES
PRODUCTS LIABILITY LITIGATION          MDL No. 2341

ORDER DENYING TRANSFER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the District of Massachusetts *Bowry* action moves to centralize this litigation in the District of Massachusetts. This litigation currently consists of four actions listed on Schedule A and pending in three districts: two actions in the District of Massachusetts and one action each in the District of Connecticut and the Northern District of New York.[1] Moving plaintiff, who is represented by common counsel, represents that all constituent plaintiffs support the motion. Defendants Building Products of Canada Corp. (BPC) and parent company Emco Corp. oppose centralization. If the Panel deems centralization appropriate, defendants suggest centralization in the District of Vermont.

After considering the argument of counsel, we will deny the motion. Although these actions involve common questions of fact arising out of allegations of defects in organic roofing shingles manufactured by BPC, we find that centralization at this time will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Plaintiffs in a related action pending in the District of Vermont recently filed a motion for preliminary approval of class action settlement, which defendants represent would cover all claims in the actions before the Panel. We have declined to centralize in similar situations where centralization could delay a proposed settlement and "entail additional expense for the litigants and the courts to establish an MDL proceeding with little benefit." *In re Power Balance, LLC, Mktg. & Sales Practices Litig.*, 777 F. Supp. 2d 1345, 1346 (J.P.M.L. 2011); *see also In re Toyota Motor Corp. Prius HID Headlamp Prods. Liab. Litig.*, 754 F. Supp. 2d 1380, 1381 (J.P.M.L. 2010). Here too, we find that the benefits of centralization do not outweigh the potential disruption in settlement proceedings.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] The parties have notified the Panel that two additional related actions are pending in the Eastern District of Michigan and the District of Vermont.

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr().    Barbara S. Jones
Paul J. Barbadoro    Marjorie O. Rendell
Charles R. Breyer

IN RE: BUILDING PRODUCTS OF
CANADA CORP. ORGANIC SHINGLES
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2341

## SCHEDULE A

<u>District of Connecticut</u>

Harold L. Schwartz, et al. v. Building Products of Canada Corp., C.A. No. 3:11-01988

<u>District of Massachusetts</u>

Kathryn Bowry v. Building Products of Canada Corp., et al., C.A. No. 1:11-12189
Howard Churwin v. Building Products of Canada Corp., C.A. No. 1:12-10075

<u>Northern District of New York</u>

Richard Rozycki v. Building Products of Canada Corp., C.A. No. 6:11-01512